754 So.2d 1258 (1999)
Debra D. LITTLE, Appellant,
v.
MISSISSIPPI EMPLOYMENT SECURITY COMMISSION and Kentucky Fried Chicken of Amory, Appellees.
No. 1998-SA-01212-COA.
Court of Appeals of Mississippi.
December 14, 1999.
*1259 Jeffery M. Navarro, Aberdeen, Attorney for Appellant.
Mark D. Ray, Jackson, Albert B. White, Madison, John Wesley Garrett, Jr., Clinton, Attorneys for Appellee.
BEFORE KING, P.J., DIAZ, AND IRVING, JJ.
KING, P.J., for the Court:
¶ 1. Debra Little has appealed a decision of the Circuit Court of Monroe County, Mississippi which affirmed the denial of unemployment benefits to her by the Mississippi Employment Security Commission (MESC). Little raises the following issues on appeal: 1) whether Kentucky Fried Chicken (KFC) met its burden of proving disqualifying misconduct by substantial, clear and convincing evidence; and 2) whether taking company merchandise and offering to pay for it later constitutes misconduct within the meaning of Miss. Code Ann. § 71-5-513 A(1)(b) (Supp.1999).
¶ 2. Because MESC misallocated the burden of proof, we reverse and render.

FACTS
¶ 3. The Circuit Court of Monroe County affirmed the decision of the MESC which disqualified Little from receiving unemployment benefits due to misconduct. Little, who worked at KFC, admitted to wrongfully taking desserts from the refrigerator at work and was subsequently dismissed. On January 13, 1998 she filed an initial claim for unemployment benefits. After conducting an investigation of the incident, the claims examiner recommended disqualification. The investigation consisted of one telephone conversation with George Johnson, the manager of KFC, on January 23, 1998. In his synopsis of the conversation with Johnson, the claims examiner noted the following: that Little was caught at the door with three desserts under her shirt, admitted wrongdoing, and expressed remorse for her behavior. The investigator also conducted a telephone interview with Little on January 27, 1998. In his synopsis of that interview, the investigator noted that, according to Little, the version provided by Johnson was "basically correct." Little steadfastly denied any intent to take the desserts without paying for them.
¶ 4. Little filed an appeal with the MESC, and a hearing was set for March 2, 1998, before an appeals referee. KFC failed to appear for the hearing or to communicate its intent to participate in the hearing. At the direction of the referee, Little responded to his questions regarding her dismissal by KFC. On March 4, 1998, the referee affirmed Little's disqualification. That action was affirmed by the Board of Review on April 3, 1998. Little appealed to the Circuit Court of Monroe County, which affirmed the decision of the Board of Review without discussion.
¶ 5. Little was the only witness present at the appeals hearing on March 2, 1998. At the direction of the referee, Little testified to having worked for KFC as a buffet worker for approximately eighteen months prior to her discharge on January 9, 1998. She received an hourly wage of $5.15 and had no history of misconduct at work. Johnson, the store manager, fired her for attempting to leave the store with merchandise that had not been paid for.
*1260 ¶ 6. According to Little, on January 8, 1998, at approximately 9:00 p.m. she was preparing to leave work because the store was closing. Little went to the back of the store and took three desserts from the refrigerator and placed them in a brown bag. She was unaware at the time that Tucker, the assistant manager, had completed the nightly inventory. Prior to closing time, Tucker usually asked employees if they wanted to make purchases before the registers were shut down. Little admitted that she should have communicated her intent to purchase the desserts to Tucker prior to closing time.
¶ 7. Little testified that Tucker asked if anyone had taken anything from the back because a few desserts were missing. Little then told Tucker that she had taken the three desserts and that she would pay for them. Little testified that Tucker took the desserts from her and put them back in the refrigerator. Tucker then informed Little that the matter was closed.
¶ 8. On the next day Little reported to work as usual. After working a portion of her shift, the manager inquired of Little what had happened. After hearing Little's explanation, the manager dismissed her.

I.

Whether KFC met its burden of proving disqualifying misconduct by substantial, clear and convincing evidence.
¶ 9. Little contends that KFC failed to meet its burden of proof in accordance with Miss.Code Ann. § 71-5-513 A(1)(c) (Supp.1999) which provides: "The burden of proof of good cause for leaving work shall be on the claimant, and the burden of proof of misconduct shall be on the employer." (emphasis added). Section 71-5-513 A(1)(c) (Supp.1999) of the Miss.Code Ann. makes it clear that the employer bears the burden of proving disqualifying misconduct.
¶ 10. In misconduct cases, "the employer bears the burden to prove by substantial, clear, and convincing evidence that a former employee's conduct warrants disqualification of benefits." Shannon Engineering & Construction, Inc. v. MESC, 549 So.2d 446, 450 (Miss.1989). KFC offered no evidence in support of its statutory burden to prove misconduct. Indeed, KFC totally failed to appear for the hearing and expressed no interest in even participating in the hearing. When KFC failed to appear, the referee required that Little submit evidence to rebut the claim of misconduct, when no evidence of misconduct had been offered by KFC.
¶ 11. In the absence of evidence of misconduct established by KFC, Little was not required to offer rebuttal evidence or an explanation. The requirement by the referee that Little offer evidence to rebut KFC's allegation of misconduct, when no evidence of misconduct had been offered, was an improper shifting of the burden of proof. Ferrill v. MESC, 642 So.2d 933 (Miss.1994). We find this action to be contrary to the provisions of the Unemployment Compensation Act.
¶ 12. The referee attempted to satisfy KFC's burden of proof when he asked the questions that elicited Little's answers. The record clearly shows that the referee understood that Miss.Code Ann. § 71-5-513 A(1)(c) (Supp.1999) required the employer to prove misconduct. Despite KFC's absence from the hearing, the referee questioned Little about the events on the night of the alleged theft. The referee erroneously required Little's testimony to deny her unemployment benefits. The referee attempted to use Little's testimony to find misconduct without requiring KFC to be present and offer evidence.
¶ 13. When the improperly obtained evidence is excluded, there is no substantive evidence to support the denial of benefits. Accordingly, this court reverses and renders judgement for Little.

CONCLUSION
¶ 14. The law was improperly applied to Little's claim, thereby shifting the burden *1261 of proof. A proper application of the law reveals that the denial of benefits was not supported by substantial evidence. The judgement of the circuit court is reversed and judgement rendered for the claimant.
¶ 15. THE JUDGMENT OF THE CIRCUIT COURT OF MONROE COUNTY IS REVERSED AND JUDGEMENT RENDERED FOR CLAIMANT. APPELLEES ARE TAXED WITH ALL COSTS OF THIS APPEAL.
McMILLIN, C.J., SOUTHWICK, P.J., BRIDGES, DIAZ, IRVING, LEE, MOORE, PAYNE, AND THOMAS, JJ., CONCUR.