MYERS, P.J.,
for the Court.
¶ 1. The Mississippi Department of Employment Security (MDES), formerly known as the Mississippi Employment Security Commission, appeals the Washington County Circuit Court’s award of unemployment benefits to John Johnson, II, a former instructor for the Greenville Public School District (District). Initially, Johnson was denied benefits by the claims examiner based on a finding of misconduct. Johnson appealed the decision; however, both he and the employer failed to appear at the hearing. Johnson’s appeal was deemed abandoned and dismissed in accordance with MDES’s appellate procedure, and it was later affirmed by the MDES Board of Review. The circuit court overturned the decision of the Board of Review, finding that the employer’s failure to appear at the hearing was a failure to present the necessary evidence against Johnson. Finding that Johnson’s appeal was properly dismissed pursuant to MDES’s appellate regulations, we reverse the decision of the circuit court and render judgment to reinstate the decision of the Board of Review.
FACTS AND PROCEDURAL HISTORY
¶ 2. Johnson was employed by the District from 1999 until 2006 as an auto body repair instructor. In the summer prior to the 2006-2007 school year, the District elected against renewing Johnson’s teaching contract for his failure to maintain the required work performance standards. Johnson subsequently applied for unemployment benefits. Initially, the claims examiner declined Johnson’s request for an award of unemployment benefits, citing misconduct as the basis for the disqualification. Johnson appealed and a telephonic hearing was scheduled and noticed to occur on August 25, 2006. However, neither party appeared. The administrative appeals officer (AAO)[1] dismissed Johnson’s appeal based upon his failure to appear at the scheduled hearing, finding Johnson abandoned his appeal. Johnson subsequently appealed this decision; however, the MDES Board of Review summarily affirmed the decision of the AAO. Johnson then sought review by the circuit court, which reversed the decision of the Board of Review. The circuit court found, based upon the precedent of Little v. MESC, 754 So.2d 1258 (Miss.Ct.App.1999), that the District failed to prove, by clear and convincing evidence, Johnson’s misconduct. The circuit court found the AAO’s reasoning to be flawed, holding that the District’s failure to appear at the hearing was a failure to present the necessary evidence demonstrating Johnson’s misconduct. The *(1) circuit court concluded that requiring Johnson to appear and offer evidence against an allegation of misconduct would improperly shift the burden of proof to Johnson, contrary to the principles found in the Unemployment Compensation Act. The decision of the AAO was overruled, and benefits were awarded to Johnson. Aggrieved by this order, MDES appeals.
STANDARD OF REVIEW
¶ 3. We find our standard for reviewing the findings and decisions of the MDES in Mississippi Code Annotated section 71-5-531 (Supp.2006) which provides: “In any judicial proceedings under this section, the findings of the Board of Review as to the facts, if supported by evidence and in the absence of fraud, shall be conclusive, and the jurisdiction of the court shall be confined to questions of law.”
DISCUSSION
¶4. MDES seeks a determination of whether the circuit court erred in finding that the District did not present adequate evidence establishing Johnson’s misconduct, and thereby reversing the earlier finding by MDES that unemployment benefits were precluded based upon misconduct. Further, MDES argues the circuit court’s reliance upon Little in overturning the AAO’s finding that Johnson abandoned his appeal was erroneous. MDES asserts that Johnson abandoned his appeal according to the Mississippi Department of Employment Security Appeal Regulation 10, which provides an avenue for dismissal of a claimant’s appeal should that claimant fail to pursue his case.
¶ 5. While Johnson argues that the circuit court’s reliance on the precedent of Little in overturning the decision of the Board of Review was correct, we find the facts of Little distinguishable, and thereby inapplicable to this case. In Little, the employee appealed her dismissal based upon misconduct, but the employer failed to appear at the hearing before the AAO. However, Little appeared at the hearing as the only witness and despite the employer’s absence; the AAO questioned Little regarding her alleged misconduct and dismissal. Subsequently, the AAO affirmed Little’s dismissal and disqualified Little from receiving unemployment benefits due to alleged misconduct. Little, 754 So.2d at 1259(¶ 3). The Board of Review and circuit court affirmed. Id. at 1259(¶ 4). This Court reversed and rendered as to the decision of the lower court, finding that the AAO improperly shifted the burden of proof to Little when Little’s testimony’s was used to find misconduct without requiring the employer to be present and offer evidence. Id. at 1259(¶ 2). In the case at hand, both the employee and employer failed to appear at the hearing. The AAO did not elicit testimony from anyone regarding the alleged misconduct and formulate an opinion on such testimony. Rather, the case was adjudicated pursuant to MDES’s appeals regulations providing that when the party requesting the appellate hearing fails to appear, the appeal is deemed abandoned and dismissal is proper.
¶ 6. Mississippi Department of Employment Security Appeal Regulation 10 provides that a default ruling may be entered against the appellant for failing, without good cause, to appear at a hearing. Regulation 10 provides for a dismissal of an appeal based upon abandonment as follows:
A party shall be deemed to have abandoned a request for a hearing if neither the party appealing nor his/her representative appears at the time and place fixed for the hearing and prior to the hearing such party does not show good *(2) cause why he/she or his/her representative cannot appear.
Upon abandonment of a request for a hearing or appeal by the party who filed it, the AAO may dismiss the appeal or request for a hearing. Such regulation comports with the authority granted to the Commission to promulgate rules and regulations. See Miss.Code Ann. § 71-5-115 (Supp.2007).
¶ 7. MDES predicated its dismissal of Johnson’s claim upon the foregoing appeal regulation, finding Johnson’s failure to attend the hearing was fatal to his appeal. We cannot find error in the AAO’s decision or the Board of Review’s affirmance, of such. Therefore, we reverse the decision of the circuit court, and thereby render judgment to reinstate the decision of the Board of Review.
¶ 8. THE JUDGMENT OF THE CIRCUIT COURT OF WASHINGTON COUNTY IS REVERSED AND JUDGMENT IS RENDERED TO REINSTATE THE DECISION OF THE MISSISSIPPI DEPARTMENT OF EMPLOYMENT SECURITY BOARD OF REVIEW.
KING, C.J., LEE, P.J., IRVING, CHANDLER, GRIFFIS, BARNES, ISHEE, ROBERTS AND CARLTON, JJ„ CONCUR.

. Since the scheduled hearing on the matter, MDES has formally changed the name of the Administrative Appeals Officers to "Administrative Law Judge.”