ISHEE, J.,
for the Court:
¶ 1. James C. Henry, appearing pro se, appeals the decision of the Circuit Court of DeSoto County affirming the Mississippi Department of Employment Security’s (MDES) denial of his unemployment compensation benefits and dismissal of his case after a determination that he had abandoned his appeal. Finding no reversible error, we affirm.
FACTS AND PROCEDURAL HISTORY
¶ 2. Henry was employed as a people greeter at Walmart for approximately four years before being discharged on July 10, 2008. In support of his discharge, Wal-mart claimed he had violated company policy prohibiting dishonesty by returning a DVD left by a customer as if it were a DVD that he had purchased. Henry, however, maintained that he had purchased the DVD with a friend, but the friend changed her mind and asked Henry to return the DVD for a refund.
¶ 3. Thereafter, Henry applied for unemployment benefits effective July 15, 2008. The MDES investigated Henry’s application to determine his eligibility for the benefits requested. The MDES ultimately concluded that Henry had made a fraudulent refund of the DVD in question and, hence, had committed misconduct which disqualified him from receiving unemployment benefits.
¶ 4. Henry timely filed an appeal to the Board of Review of the MDES (Board). He was mailed a Notice of Telephonic Hearing (Notice) on October 20, 2008, advising him that a telephonic hearing regarding his appeal was scheduled to be held on October 31, 2008, before an Administrative Judge (AJ) with the MDES. Included in the Notice was language stating: “[I]f the appealing party is not available for the hearing, the appeal is dismissed and the original determination upheld.”
¶ 5. On the day of the telephonic hearing, the AJ attempted to contact Henry but was unable to reach him at the number he had provided. The AJ left a voice-mail message advising Henry he had a limited time in which to return the AJ’s call and participate in the hearing. The record reflects that Henry did not return the call within the allotted amount of time, and the AJ concluded that Henry had abandoned his appeal. Consequently, the AJ dismissed Henry’s claim.
¶ 6. Shortly thereafter, Henry appealed the AJ’s decision to the Board. In a Board of Review Decision (Decision) dated *1161 December 23, 2008, the Board affirmed and adopted the AJ’s findings that Henry’s workplace misconduct had disqualified him from receiving unemployment benefits and that he had abandoned his appeal. Henry then appealed the decision to the Circuit Court of DeSoto County, which affirmed the Board’s ruling on June 5, 2009. Henry now appeals.
STANDARD OF REVIEW
¶ 7. With regard to appeals of the Board’s decisions, Mississippi Code Annotated section 71-5-531 provides that the Board’s findings of fact are conclusive, subject to substantial evidentiary support and absent any indication of fraud. Miss. Code Ann. § 71-5-531 (Supp.2009).[1] Thus, appellate court jurisdiction over an MDES claim is confined to the review of questions of law. Id. Additionally, there exists a rebuttable presumption in favor of decisions of the Board, with the burden of proof lying with the challenging party. Allen v. Miss. Employment Sec. Comm’n., 639 So.2d 904, 906 (Miss.1994).
DISCUSSION

I. Whether Henry Abandoned His Appeal by Failing to Contact the Administrative Judge Conducting the Telephonic Hearing Within the Required Amount of Time

¶ 8. Mississippi Code Annotated section 71-5-525 designates the MDES as its own rule-making authority. Miss.Code Ann. § 71-5-525 (Supp.2009). Accordingly, the MDES has adopted Benefit Appeal Regulations (Regulations) which govern all MDES appeals. See, e.g., Miss. Dep’t of Employment Sec. v. Johnson, 977 So.2d 1273, 1276 (¶ 6) (Miss.Ct.App.2008). The Regulations provide that appellants may be afforded a hearing on their appeal and that notice of said hearing shall be executed by mail. Id. The Regulations further stipulate that failure to appear and participate in an appellate hearing provides the Board with ample authority to dismiss a claim under the theory of abandonment. Id.
¶ 9. In this case, Henry was notified of the telephonic hearing by mail eleven days before the hearing was to take place. Included in the Notice were the date and time of the hearing and instructions of how to phone into the hearing should Henry fail to receive a telephone call from the AJ. Also included in the Notice was language advising him that failure to participate would constitute effective dismissal of his case and reinstatement of the Board’s original Decision.
¶ 10. MDES’s call-recording system shows Henry was called by the AJ at the date and time listed in the Notice, but Henry did not answer the phone call. The record reflects that the AJ left Henry a voice-mail message informing him he must return the AJ’s call within an allotted amount of time in order to participate in the telephonic hearing. The MDES call-recording system further shows that Henry returned the AJ’s call after the allotted amount of time had expired. Accordingly, the AJ dismissed the case for Henry’s failure to participate.
¶ 11. This Court has previously addressed the issue of whether the dismissal of an MDES appeal is appropriate when the appealing party fails to participate in the appellate hearing. Johnson, 977 So.2d at 1276 (¶ 7). First, we have concluded that the adoption of the Regulations by the *1162 MDES is well within the authority granted to the MDES by Mississippi Code Annotated section 71-5-525. See, e.g., Id. at 1276 (¶ 6). Second, after reviewing the applicable Regulations, we have determined that an appealing party’s failure to participate in a scheduled hearing may properly be deemed abandonment of the appeal and, therefore, grounds for dismissal. Id. at 1275-76 (¶ 6). Accordingly, we find that this issue lacks merit.

II. Whether Substantial Evidence may be Found in the Record to Support the MDES Determination that Henry Had Committed Misconduct Such That He Was Disqualified from Receiving Unemployment Compensation Benefits

¶ 12. Because we affirm both the circuit court’s determination that Henry had abandoned his appeal and the circuit court’s decision to allow for the Board’s original Decision to be reinstated, we do not address the issue of whether the original Decision disqualifying him from receiving unemployment benefits is supported by substantial evidence. Therefore, this issue is moot.
¶ 13. THE JUDGMENT OF THE CIRCUIT COURT OF DESOTO COUNTY IS AFFIRMED.
KING, C.J., LEE AND MYERS, P.JJ., IRVING, GRIFFIS, BARNES, ROBERTS, CARLTON AND MAXWELL, JJ., CONCUR.

. Mississippi Code Annotated section 71-5-531 was repealed as of July 1, 2010, but it was reenacted by the Mississippi legislature in the 2010 regular session without textual change. Miss. Gen. Laws Ch. 559 § 44.