BARNES, J., for the Court:
¶ 1. Karl Weeden was discharged from his employment with Tunica County, Mississippi, on July 21, 2008. Weeden sought unemployment benefits, which were denied by a claims examiner due to Weeden’s misconduct during his employment. Wee-den appealed, and an Administrative Law Judge (ALJ) affirmed the decision of the claims examiner. Weeden then filed an appeal to the Mississippi Department of Employment Security (MDES) Board of Review, which dismissed the appeal as untimely. Aggrieved, Weeden appeals to this Court, arguing that he committed no misconduct during his employment with Tunica County. Finding no error, we affirm.
*1043 FACTS AND PROCEDURAL HISTORY
¶ 2. Weeden was employed with Tunica County, Mississippi, for six and a half years until he was discharged on July 21, 2008. Weeden filed an initial claim for unemployment benefits on August 20, 2008. A claims examiner determined that Weeden was disqualified from receiving benefits due to several instances of misconduct connected with his work.
¶ 8. On November 21, 2008, Weeden appealed. A hearing before the ALJ was held on February 25, 2009, at which Wee-den and an employer representative were present. The ALJ found that Weeden was disqualified from receiving benefits due to misconduct connected with his work. The decision was mailed to both parties on March 5, 2009. The decision informed Weeden that any appeal must be filed by March 19, 2009. Weeden filed no appeal until October 12, 2009, after which a notice was mailed to Weeden informing him that the MDES Board of Review had dismissed his appeal as untimely.
ANALYSIS
¶ 4. Weeden appeals to this Court, arguing that the ALJ’s findings of fact were incorrect and that there was no misconduct on his part during his employment with Tunica County. Weeden’s appeal to this Court, however, is from the Board of Review’s dismissal of his appeal. The Board of Review found that Weeden’s appeal was untimely. The only issue properly before this Court, therefore, is whether or not the Board of Review erred in finding that Weeden’s appeal of the ALJ’s decision was untimely.
¶ 5. Mississippi Code Annotated section 71-5-581 (Supp.2010) provides that, in considering appeals by any parties aggrieved by a decision of the Board of Review, an appellate court must consider the record made before the Board of Review. Absent fraud, this Court must accept the findings of fact by the Board of Review and uphold its decision if supported by substantial evidence. Id; see also Richardson v. Miss. Employment Sec. Comm’n, 593 So.2d 31, 34 (Miss.1992) (“The principle is well settled that an Order of the Board of Review on the facts is conclusive on the lower court, if supported by substantial evidence and if absent fraud.”) (citing Ray v. Bivens, 562 So.2d 119, 121 (Miss.1990)). The jurisdiction of this Court “over an MDES claim” is limited to “questions of law.” Henry v. Miss. Dep’t of Employment Sec., 49 So.3d 1159, 1161 (¶7) (Miss.Ct.App. 2010) (citing Miss.Code Ann. § 71-5-531).
¶ 6. Mississippi Code Annotated section 71-5-519 (Supp.2010) provides that, unless an appeal is filed within fourteen days of a decision by the MDES, the decision becomes final. In Wilkerson v. Mississippi Employment Security Commission, 630 So.2d 1000, 1002 (Miss.1994), the Mississippi Supreme Court held that, absent a claim that notification was not sent to the claimant’s correct address, the time limit to file an appeal begins on the date that notification is mailed. The court in Wilkerson also held that an appeal filed one day late was barred as untimely. Id.
¶ 7. The record reflects that the ALJ issued his decision on March 5, 2009. The decision included notice that the ALJ’s decision would become final on March 19, 2009, and that Weeden must file any appeal by that date. The record further reflects that Weeden filed his appeal to the Board of Review on October 12, 2009. The Board of Review found the appeal untimely and dismissed it.
¶8. There is no indication of fraud or error on the part of the Board of Review. Weeden has raised no claim that notification of the ALJ’s decision was not mailed to his correct address. At no time has *1044 Weeden alleged any cause preventing him from filing his appeal within the fourteen-day time limit. Weeden filed his appeal more than seven months after the ALJ’s decision, exceeding the fourteen days provided for filing an appeal. As a result, the Board of Review’s decision is based on substantial evidence. This issue is without merit.
¶ 9. THE JUDGMENT OF THE CIRCUIT COURT OF TUNICA COUNTY IS AFFIRMED.
LEE, C.J., IRVING AND GRIFFIS, P.JJ., MYERS, ISHEE, ROBERTS, CARLTON AND MAXWELL, JJ„ CONCUR. RUSSELL, J., NOT PARTICIPATING.