FAIR, J.,
for the Court:
¶ 1. After investigation, the claims examiner denied James Williams unemployment benefits, finding he had been terminated for misconduct after refusing a drug test. Williams filed a timely appeal but failed to appear at a telephonic hearing with the administrative law judge — that is, Williams failed to answer the phone at the time scheduled for the hearing. The ALJ, following the Mississippi Department of Employment Security’s Benefit Appeal Regulations, found that Williams had abandoned his appeal and defaulted. The MDES Board of Review and the DeSoto County Circuit Court affirmed. Williams then appealed to the Mississippi Supreme Court, which assigned the case to this Court. We likewise affirm.
STANDARD OF REVIEW
¶ 2. “The scope of review in an unemployment-compensation case is limited. Absent fraud, the findings of fact of the Board of Review are conclusive if supported by substantial evidence.” Brown v. Miss. Dep’t of Emp’t Sec., 29 So.3d 766, 769 (¶ 7) (Miss.2010) (citation omitted). “A rebuttable presumption exists in favor of the administrative agency, and the challenging party has the burden of proving otherwise.” Sprouse v. Miss. Emp’t Sec. Comm’n, 639 So.2d 901, 902 (Miss.1994).
DISCUSSION
¶ 3. This case is controlled by our decision in Henry v. Mississippi Department of Employment Security, 49 So.3d 1159, 1161-62 (¶ 11) (Miss.Ct.App.2010), where it was held:
This Court has previously addressed the issue of whether the dismissal of an MDES appeal is appropriate when the appealing party fails to participate in the appellate hearing. [Miss. Dep’t of Emp’t Sec. v. Johnson, 977 So.2d 1273, 1276 (¶ 7) (Miss.Ct.App.2008) ]. First, we have concluded that the adoption of the Regulations by the MDES is well within the authority granted to the MDES by Mississippi Code Annotated section 71-5-525 [ (Rev.2011) ]. See, e.g., [i]d. at 1276 (¶ 6). Second, after reviewing the applicable Regulations, we have determined that an appealing party’s failure to participate in a scheduled hearing may properly be deemed abandonment of the appeal and, therefore, grounds for dismissal. Id. at 1275-76 (¶ 6).
¶ 4. The record shows that Williams was mailed a “notice of telephonic hearing” on May 11, 2012. The notice informed Williams that the hearing would take place on May 21 at 10:00 a.m. It also instructed Williams to update his contact information and told him what to do if he was unable to attend or if he did not receive the expected call from the ALJ. The notice warned that “[fjailure to provide a valid telephone number, or the inability to receive the call at the time of the scheduled hearing, may result in the loss of this case.” The transcript of the hearing indicates that the ALJ placed a call to Williams’s number at the appointed time and left a voicemail message informing Williams that he had ten minutes to call into the hearing. The ALJ called again at 10:10 a.m., but Williams again did not answer.
¶ 5. Failure to appear at a hearing may be excused on a showing of good cause. See Mississippi Department of Employment Security, Unemployment Insurance Regulations § 202.05(B) (2010).[1] However, Williams has made no effort to show good cause; he asserted in his notice of appeal from the ALJ’s dismissal that a “telecommunication error” was responsible *151 for his failure to attend, but he has never elaborated on that point. Given our standard of review, the Board of Review’s implicit finding that Williams did not show good cause must be upheld.
¶ 6. In his brief on appeal to this Court, Williams argues only that the failure to attend “was of no consequence” because he would not have had the opportunity to call witnesses or cross-examine witnesses against him during the telephonic hearing. That is not true; section 200.04(B) of the MDES regulations provides that parties to the telephonic appeal hearings shall have “the opportunity to testify, call and question witnesses, question or cross examine the other party and their witnesses that testify, present exhibits, and object to the other party’s exhibits.” The notice of the hearing contained substantially the same information.
¶ 7. Williams also attempts to argue the underlying merits of whether his termination was for misconduct, but this argument is moot because he has been found to have abandoned his appeal. Henry, 49 So.3d at 1162 (¶ 12).
¶ 8. We conclude that Williams’s failure to attend the telephonic hearing constituted an abandonment of his appeal. We therefore affirm the decision of the Mississippi Department of Employment Security denying unemployment benefits.
¶ 9. THE JUDGMENT OF THE CIRCUIT COURT OF DESOTO COUNTY IS AFFIRMED.
LEE, C.J, IRVING AND GRIFFIS, P.JJ., BARNES, ISHEE, ROBERTS, CARLTON, MAXWELL AND JAMES, JJ., CONCUR.

. Available at http://mdes.ms.gov/media/9837/ RegulationsDecember2010.pdf.