# IN THE COURT OF APPEALS OF THE STATE OF MISSISSIPPI

## NO. 2014-CC-01798-COA

**OVER THE RAINBOW DAYCARE**                                                    **APPELLANT**

**v.**

**MISSISSIPPI DEPARTMENT OF**                                                    **APPELLEE**
**EMPLOYMENT SECURITY**

| | |
|---|---|
| DATE OF JUDGMENT: | 11/20/2014 |
| TRIAL JUDGE: | HON. ROBERT B. HELFRICH |
| COURT FROM WHICH APPEALED: | FORREST COUNTY CIRCUIT COURT |
| ATTORNEYS FOR APPELLANT: | ROBIN L. ROBERTS |
| | CHRISTOPHER DENT NOBLES |
| ATTORNEYS FOR APPELLEE: | ALBERT B. WHITE |
| | ANNA CRAIN CLEMMER |
| NATURE OF THE CASE: | CIVIL - STATE BOARDS AND AGENCIES |
| TRIAL COURT DISPOSITION: | AFFIRMED BOARD OF REVIEW'S JUDGMENT |
| DISPOSITION: | AFFIRMED – 03/29/2016 |
| MOTION FOR REHEARING FILED: | |
| MANDATE ISSUED: | |

**BEFORE IRVING, P.J., BARNES AND ISHEE, JJ.**

**IRVING, P.J., FOR THE COURT:**

¶1.    This appeal ensued after the Circuit Court of Forrest County affirmed the decision of

the Board of Review of the Mississippi Department of Employment Security (the Board of

Review) granting unemployment benefits to Tempestt Griffin, a former employee of Over

The Rainbow Daycare (Rainbow).  Rainbow argues that the circuit court erred in upholding

the Board of Review's decision because the Board of Review failed to adequately consider

the evidence undergirding the agency's initial decision.

¶2.    Finding no error, we affirm.

## FACTS

¶3.    When Griffin arrived for work on July 18, 2014, Rainbow informed her that she was being suspended for failing to attend a mandatory meeting held the day before. Griffin was instructed to leave and return at 2:00 p.m. to pick up her check. However, Griffin did not return until after 4:00 p.m. Griffin was then instructed to remain in the office, in compliance with company policy for suspended employees. Rather than doing as instructed, Griffin went to her classroom. Upon entering her classroom, a physical altercation occurred between her and her supervisor, Renae Causey. As a result of the physical altercation, Rainbow terminated her employment.

¶4.    Thereafter, Griffin applied for unemployment benefits with the Mississippi Department of Employment Security (MDES). The MDES found that Griffin had been discharged for misconduct and denied her claim for benefits. Following the denial, Griffin appealed. An administrative law judge (ALJ) set a date for a telephonic hearing and notified both parties of the date and time of the hearing. On the day of the scheduled hearing, the ALJ attempted several times, over a ten-minute period, to contact Rainbow at two different numbers that the MDES had on file for it. On the first attempt, someone answered Rainbow's phone but immediately terminated the call by hanging up. According to the statement of the ALJ, as reflected in the transcript record, he thereafter tried unsuccessfully for the next ten minutes to reach someone at the numbers provided by Rainbow. As a result, the ALJ conducted the hearing without Rainbow and advised Griffin that she would be

awarded benefits because of Rainbow's failure to offer any evidence at the hearing that she had been discharged for misconduct.

¶5. In his opinion, issued the day after the hearing, the ALJ explained that Rainbow had failed to meet its burden of proof of establishing that Griffin had been terminated for misconduct connected with her employment. Based on those facts, the ALJ reversed the MDES's previous finding that Griffin was not entitled to unemployment benefits. After receiving the ALJ's decision, Rainbow appealed to the Board of Review. The Board of Review, without comment, affirmed the ALJ's decision to grant Griffin unemployment benefits. Shortly after, Rainbow filed an appeal in the circuit court and attached the incident report that Causey had filed with the City of Hattiesburg Police Department against Griffin, charging her with simple assault. The circuit court affirmed the Board of Review's decision, and, as stated, Rainbow has appealed.

## DISCUSSION

¶6. This appeal is governed by Mississippi Code Annotated section 71-5-531 (Rev. 2011), which provides in part:

> In any judicial proceedings under this section, the findings of the Board of Review as to the facts, if supported by evidence and in the absence of fraud, shall be conclusive, and the jurisdiction of said court shall be confined to questions of law.

It is well settled that "[a] rebuttable presumption exists in favor of the administrative agency, and the challenging party has the burden of proving otherwise." *Allen v. Miss. Emp't Sec. Comm'n,* 639 So. 2d 904, 906 (Miss. 1994) (internal citations omitted). In addition, "[an appellate] [c]ourt must not reweigh the facts of the case or insert its judgment for that of the

3

agency." *Id.*

¶7.     "In misconduct cases, 'the employer bears the burden to prove by substantial, clear, and convincing evidence that a former employee's conduct warrants disqualification of benefits.'" *Little v. Miss. Emp't Sec. Comm'n,* 754 So. 2d 1258, 1260 (¶10) (Miss. Ct. App. 1999) (quoting *Shannon Eng'g & Constr. Inc. v. MESC,* 549 So. 2d 446, 450 (Miss. 1989)).

¶8.     Here, Rainbow argues that the circuit court erred by upholding the Board of Review's decision because the Board of Review failed to adequately consider the evidence relied upon by the MDES in its initial decision. According to Rainbow, the Board of Review's reliance on Rainbow's failure to participate in the hearing before the ALJ caused the Board of Review to overlook Griffin's "egregious and harmful" actions, and such oversight resulted in the Board of Review enforcing a technicality, rather than considering the appropriate facts. Rainbow contends that the MDES's reversal of its initial decision constitutes an abuse of discretion and was arbitrary and capricious, because the ALJ should not have ignored the MDES's prior investigation of the matter and its factual findings. Rainbow also contends that the MDES's initial decision should have been considered at every stage of the appeal process, despite the facts that the hearing before the ALJ was de novo and that it failed to present any evidence during that hearing. Rainbow further contends that (1) the only information available during the hearing before the ALJ was the information collected by the MDES during the agency's initial investigation that resulted in a finding that Griffin had been dismissed for misconduct; (2) its absence from the ALJ hearing was not willful or intentional; and (3) its failure to appear for the hearing before the ALJ should not

4

automatically result in a victory for Griffin because she has unclean hands.

¶9. In explaining its failure to appear for the hearing, Rainbow states that its employee, Causey, was sitting by the phone awaiting the ALJ's call, and while she admits that she hung up on the ALJ when he called, she explains that that occurred because she did not recognize the number that he was calling from and that she was trying to keep the line open for his call. To that end, Rainbow states that Causey hung up on every call displaying a number that was not the MDES's number. In support of its arguments, Rainbow points out that the MDES's website states that (1) the ALJ will make a decision based on testimony given by the appearing party or, in the event that a party fails to appear during an ALJ hearing, the record previously made; and (2) the ALJ will act on the basis of the file's information.

¶10. In response, the MDES argues that Rainbow failed to meet its burden of proving misconduct by clear and convincing evidence at the hearing. The MDES contends that the hearing's notice informed the parties that the purpose of the hearing was to determine both the reason for Griffin's departure and whether Rainbow's account should be charged.

¶11. In support of its argument, the MDES cites *Little*.[1] In *Little,* this Court addressed a case very similar to the matter before us. There, a claimant was denied unemployment benefits after the claims examiner disqualified the claimant for misconduct. *Little,* 754 So. 2d at 1259 (¶3). Following the disqualification, the claimant appealed. *Id.* at (¶4). However, the employer failed to appear and testify at the ALJ hearing. *Id.* at (¶5). The ALJ[2] conducted

---

[1] At the time of the *Little* decision, the MDES was referred to as the Mississippi Employment Security Commission (MESC).

[2] At that time the ALJ was referred to as the "MDES referee."

the hearing without the employer, receiving testimony from the claimant. *Id.* Based on the claimant's testimony alone, the ALJ affirmed the claims examiner's decision, disqualifying the claimant for misconduct. *Id.* at (¶4). The claimant then appealed to the Board of Review, which affirmed the decision of the ALJ. *Id.* The claimant then appealed to the Circuit Court of Monroe County, which affirmed the decision of the Board of Review without discussion. *Id.* Thereafter, the claimant appealed, and this Court reversed the judgment of the lower court. *Id.* at 1261 (¶14). In reversing, this Court stated:

> In the absence of evidence of misconduct established by [the employer], Little was not required to offer rebuttal evidence or an explanation. The requirement by the referee that Little offer evidence to rebut [the employer's] allegation of misconduct, when no evidence of misconduct had been offered, was an improper shifting of the burden of proof. . . . We find this action to be contrary to the provision of the Unemployment Compensation Act. . . . When the improperly obtained evidence is excluded,[3] there is no substantive evidence to support denial of benefits. Accordingly, the Court reverses and renders [j]udgment for Little.

*Id.* at 1260 (¶¶11-13).

¶12. Citing one of its own regulations, the MDES contends that because the hearing was de novo, Rainbow's failure to appear and offer proof constituted reasonable grounds for a default ruling under both caselaw and the department's regulations. We agree. Section 200.05 of title 20, part 101 of the Mississippi Administrative Code[4] states in pertinent part:

> The Board of Review or the Appeals Department may make informal disposition of any adjudicatory proceeding by default when the appealing party

---

[3] The testimony elicited from *Little* during the ALJ hearing constituted improperly obtained evidence.

[4] The regulations of the MDES are codified as title 20, part 101 of the Mississippi Administrative Code.

or the party with the burden of proof fails to appear at the scheduled hearing. A party shall be deemed to have failed to timely appear at a hearing when the party fails to appear as provided in the notice of hearing, including calling an Appeals Department telephone number or providing in advance a telephone number as required by the notice of hearing, or by failing to be present at the telephone number provided by the party for ten (10) or more minutes past the scheduled start time of the hearing.

The MDES also contends that Rainbow has misinterpreted the statement found on its website regarding the process to be utilized when a party does not appear for a hearing. The MDES explains that the information pertains only to situations where a claimant fails to appear or participate, in which case it will be deemed by the MDES that the claimant has abandoned his appeal, and the MDES's prior decision will be applied.

¶13. Additionally, the MDES references Mississippi Code Annotated section 71-5-531 and Rules 5.01, 5.02, 5.03, and 5.05 of the Uniform Rules of Circuit and County Court Practice as authorities for the proposition that appeals from an administrative agency are not de novo appeals and must be based entirely on the record made before the administrative agency. Therefore, the MDES points out that it was inappropriate for Rainbow to attach the incident report to the appeal that it filed in the circuit court and that no statute or regulation permits a reviewing court to consider the incident report while making its decision. Again, we agree with the MDES on this point.

¶14. In rebuttal, Rainbow, attempting to distinguish the facts of this case from those in *Little,* points out that, although Little was discharged by her employer for theft, Little had maintained that she had intended to pay for the stolen items but had gotten distracted, causing her to forget to pay for them. Apparently, Rainbow surmises that *Little* is distinguishable

7

because in *Little*, unlike here, Little's explanation was at least plausible but Griffin's is not because there was a witness and a police report verifying Griffin's assault on Causey. Rainbow further argues that it did not abandon the appeal, citing to its continued appeals after the ALJ's decision. Rainbow misses the point of *Little*. *Little* supports the MDES's position that the employer bears the burden of proving disqualifying misconduct on the part of the claimant. Interestingly, Rainbow apparently overlooks the fact that in *Little*, the employer, like the employer here, failed to appear for a telephonic appellate hearing. Our reversal was based on the fact that the ALJ had erroneously required the claimant to go forward and rebut something that had not been established by the absent employer. Stated another way, the ALJ in *Little* erroneously shifted the burden of proof away from the employer to the claimant, and that was the basis for the reversal.

¶15. We find that Rainbow had adequate notice of the telephonic hearing before the ALJ. While we draw no conclusion as to why Rainbow failed to participate during the de novo review of Griffin's claim, we agree with the Board of Review's, and the circuit court's decisions finding that, by failing to appear for the hearing, Rainbow failed to meet its burden of proof under section 71-5-513(A)(1)(c) to establish that Griffin was discharged for misconduct. In arriving at this conclusion, we note that from the very beginning Griffin's position was that it was Causey, not she, who started the altercation. Her position in this regard was stated in the documents that were submitted to the MDES before the claims examiner issued his findings.

¶16. In regard to the website information discussed earlier in this opinion, we agree with

8

the MDES that that information cannot and does not trump statutes and caselaw mandating that an employer, who seeks to have a terminated employee denied unemployment benefits, has the burden to prove that the employee committed disqualifying misconduct. And finally, we note that Rainbow has neither alleged nor shown that the language on the MDES's website influenced or caused its failure to appear or that it relied on the language in any way in failing to appear. So even if the language is confusing, and we are not saying that it is, that confusion did not in any way contribute to the situation that Rainbow found itself in. Therefore, we cannot find that the circuit court erred in affirming the decision of the Board of Review. Accordingly, we affirm.

¶17. **THE JUDGMENT OF THE FORREST COUNTY CIRCUIT COURT IS AFFIRMED.**

**LEE, C.J., GRIFFIS, P.J., BARNES, ISHEE, FAIR, JAMES, WILSON AND GREENLEE, JJ., CONCUR. CARLTON, J., DISSENTS WITHOUT SEPARATE WRITTEN OPINION.**