583 So.2d 193 (1991)
Willie B. BARNETT
v.
MISSISSIPPI EMPLOYMENT SECURITY COMMISSION.
No. 90-CC-0387.
Supreme Court of Mississippi.
June 26, 1991.
*194 Walterine Langford, Vicksburg, for appellant.
Jan Garrick, Jackson, for appellee.
Before DAN M. LEE, P.J., and PRATHER and McRAE, JJ.
McRAE, Justice, for the Court:
Willie Barnett appeals the claims examiner's denial of his claim for unemployment benefits. The appeals referee, Board of Review, and Circuit Court affirmed the denial of unemployment benefits because of misconduct connected with work. We affirm.
Moss Construction Company fired Willie Barnett. He filed a claim for unemployment benefits with the Mississippi Employment Security Commission (hereinafter MESC). Shortly thereafter, the claims examiner disqualified Barnett for benefits, finding that he was discharged for misconduct connected with work. See Miss. Code Ann. § 71-5-513 A(1)(b) (1972).
Barnett then filed an appeal and the appeals referee affirmed the claims examiner's determination. He found as fact that:
The claimant was employed by Moss Construction company, Vicksburg, Mississippi, for approximately three years as a cement mason earning $6.75 per hour. His last day of employment was May 17, 1989, after which the claimant was discharged for absenteeism after having been warned. The claimant had missed fifteen days between January 1, and April 15, 1989, when he was warned by his supervisor that he had missed an excessive amount of time. The claimant did not report to work or notify his employer on May 18, or 19, 1989... . On May 19, 1989, the claimant reported to the employer's office to pick up his paycheck and did not offer an explanation as to his tardiness and did not report to the work site and explain his absence and tardiness to the employer. When he reported to work on the next day, he was discharged for absenteeism.
Barnett appealed this decision to the MESC's Board of Review. They adopted the Referee's findings of fact and opinion. Barnett next appealed to the Hinds County Circuit court which affirmed the decision of MESC's Board of Review. Barnett now appeals here and alleges that: (1) the trial court's failure to reverse the decision of the Board of Review was against the overwhelming weight of the evidence, and; (2) a claimant who unsuccessfully attempts to contact his employer to advise of his inability to report to work due to an act of God is not guilty of misconduct regardless of whether the absence would have been an excused one.

*195 STATEMENT OF FACTS

Barnett worked for the Moss Construction Company for about three years as a cement mason. Apparently he started having problems with absenteeism in January, 1989. Between that time and when he was fired in April 1989, he missed about fifteen days of work, or one out of every five days. Barnett's foreman had gone to the company president asking that he fire Barnett because he was absent so much. Instead, both the foreman and Moss, the company president, warned Barnett that further absenteeism could result in discharge. Apparently he got this second chance because he was a good employee and, in fact, after the warning his attendance at work improved.
Then he did not come to work on May 18 and 19, 1989, nor did he call the answering service to report this absence. He explained at the hearing that he did not come to work on those days because a severe storm had caused a tree to fall on his house and he had to make arrangements to repair it. He produced the bill from the tree service that removed the tree from the roof of his house.
During his testimony, Moss, the company president, explained the company's attendance policy. The verbal policy at the company was that if an employee was not going to be at work that he was to call some time before the 7:00 a.m. starting time. The company had a twenty-four hour answering service so employees could call at any time. Even though he knew that he was expected to call in, Barnett failed to contact the company. The reason he gave for not calling the answering machine as instructed was that "he could never make any sense out of it." He testified that he had tried unsuccessfully to contact his foreman. Moss confirmed that the foreman was out of town on a family emergency during this time.
Barnett came to the office to get his check on the second day he did not come to work. While there, he failed to tell any of the office personnel why he was absent even after he had been told by a secretary that his crew was indeed working that day. He also failed to go to the work site that day after the secretary had told him where the crew was working. He explained that the reason he didn't tell the secretary why he hadn't come to work was because she was "nasty." Also, he saw Moss' brother at a store in Vicksburg on the second day that he didn't work and when asked why he wasn't at work, he did not respond.
Finally at the hearing Moss revealed that other people who were fired that day had asked for and were given their jobs back. Also, Moss informed Barnett that all he had to do was ask for his job back and he could have it. Apparently Barnett never took him up on the offer.
The Board of Review affirmed the Referee's decision that Barnett was discharged for misconduct and therefore disqualified from benefits under Miss. Code Ann. § 71-5-513 A(1)(b). The circuit court, sitting as an appellate court, found that the decision of the Board was supported by substantial evidence.

Analysis
Judicial review, under Miss. Code Ann. § 71-5-531 (1972), is, in most circumstances, limited to questions of law, to-wit:
In any judicial proceedings under this section, the findings of the board of review as to the facts, if supported by evidence and in the absence of fraud, shall be conclusive, and the jurisdiction of said court shall be confined to questions of law.
Id.; See also Ray v. Bivens, 562 So.2d 119, 121 (Miss. 1990) (scope of review limited to finding of board of review); Manor v. McLeod, 511 So.2d 1383, 1385 (Miss. 1987) (same). If substantial evidence supports the Board's fact finding and the relevant law was properly applied to the facts, the appellate court must affirm. Shannon Eng'g & Constr. Inc. v. Miss. Emp. Sec. Comm'n, 549 So.2d 446, 449 (Miss. 1989).
Here the relevant facts are not in dispute so the real issues are whether there was substantial evidence to support the Board's decision and whether Barnett's actions, as a matter of law, can be considered "misconduct" under the statute.
*196 Recently in Mississippi Employment Sec. Comm'n v. Martin, 568 So.2d 725 (Miss. 1990), this Court defined misconduct under the statute as:
[D]isqualification for unemployment benefits results from misconduct, which is conduct evincing such willful and wanton disregard of the employer's interest as is found in deliberate violations or disregard of standards of behavior which the employer has the right to expect from his employees.
Martin, 568 So.2d at 727 (citing Wheeler v. Arriola, 408 So.2d 1381 (Miss. 1982)). Put another way, "[m]isconduct imports conduct that reasonable and fair-minded external observers would consider a wanton disregard of the employer's legitimate interests." Mississippi Employment Sec. Comm'n v. Phillips, 562 So.2d 115, 118 (Miss. 1990).
For example, Martin involved an alcoholic employee who, after receiving treatment for his alcoholism, was informed by his employer that any further absences due to his alcoholism would be considered unexcused. Martin, 568 So.2d at 726. After receiving three consecutive unexcused absences and a subsequent warning, the company terminated him. Id. This Court reinstated the MESC's decision by holding that Martin's three consecutive unexcused absences constituted "misconduct" within Miss. Code Ann. § 71-5-513 (A)(1)(b) (1972). Id. at 727-29. See also, Ray v. Bivens, 562 So.2d 119 (Miss. 1990) (after several warnings employee discharged for sleeping on the job, this Court held that the employee's actions constituted misconduct.).
While no Mississippi cases so hold, it simply goes without saying that excessive absenteeism could constitute misconduct. See e.g., Barragan v. Williams Island, 568 So.2d 106, 107 (Fla. Dist. Ct. App. 1990); Tallahassee Hous. Auth. v. Florida Unemployment Appeals Comm'n, 483 So.2d 413, 414 (Fla. Dist. Ct. App. 1986). This does not mean that excessive absenteeism would qualify as misconduct in all circumstances. See e.g., McCourtney v. Imprimis Tech., Inc., 465 N.W.2d 721 (Minn. Ct. App. 1991) (frequent absences from work not misconduct when caused by inability to obtain child care for sick infant); Gunderson v. Libbey Glass, 412 So.2d 656, 659 (La. Ct. App. 1982) (absences resulted from reasons beyond claimant's control).
A claimant's failure to notify the employer of the reason for absences can constitute misconduct, if there is a policy that requires such notice. Yerger v. Unemployment Compensation Bd. of Review, 73 Pa.Cmwlth.Ct. 278, 457 A.2d 1333 (1983). The main reason the Referee disqualified Barnett was because he failed to notify his employer about the absences, without sufficient excuse. Certainly that conduct, despite the unfortunate damage to his home, could constitute misconduct as that term is defined in Miss. Code Ann. § 71-5-513 A(1)(b) (1972). Also, the failure to notify after being fully warned and admonished about his problem, combined with the record of excessive absenteeism, provided substantial evidence for the Board's finding that Barnett's actions amounted to misconduct under the statute.
Moss testified that had he known why Barnett was not at work he would not have terminated him. The fact remains, however, that Barnett's minimal efforts to contact his employer after taking time off, judged objectively, were unreasonable under the circumstances. Nor can it be fairly said that Barnett's explanations about his absence give credence to his contention that his conduct was not willful or wanton. See, Mississippi Employment Sec. Comm'n v. Phillips, 562 So.2d at 118 (objective standard); See e.g. Lamb v. Unemployment Appeals Comm'n., 424 So.2d 197 (Fla. Dist. Ct. App. 1983) (no misconduct when employee failed to call in because he was in the middle of a move and his phone was in transfer); Campbell v. Dept. of Labor & Emp. Sec., 455 So.2d 569 (Fla. Dist. Ct. App. 1984) (no misconduct when employee failed to call in her absence because she was in another state attending to her daughter after a car accident and she had asked her husband to call her employer but he forgot.)
Of course, if there is substantial evidence to support the Board's decision, the fact *197 that this Court, if charged with weighing the evidence, might find otherwise is irrelevant. For the reasons stated, we affirm.
AFFIRMED.
ROY NOBLE LEE, C.J., HAWKINS and DAN M. LEE, P.JJ., and PRATHER, ROBERTSON, SULLIVAN, PITTMAN, and BANKS, JJ., concur.