# IN THE SUPREME COURT OF MISSISSIPPI

## NO. 2004-CT-00522-SCT

*JOE BROOME*

*v.*

*MISSISSIPPI EMPLOYMENT SECURITY*
*COMMISSION AND MISSISSIPPI COLLEGE*

| | |
|---|---|
| DATE OF JUDGMENT: | 02/6/2004 |
| TRIAL JUDGE: | HON. BOBBY BURT DELAUGHTER |
| COURT FROM WHICH APPEALED: | HINDS COUNTY CIRCUIT COURT |
| ATTORNEY FOR APPELLANT: | QUENTIN P. McCOLGIN |
| ATTORNEYS FOR APPELLEES: | W. THOMAS McCRANEY, III |
| | ALBERT B. WHITE |
| NATURE OF THE CASE: | CIVIL - STATE BOARDS AND AGENCIES |
| DISPOSITION: | JUDGMENT OF COURT OF APPEALS IS REVERSED AND JUDGMENT OF THE HINDS COUNTY CIRCUIT COURT IS REINSTATED AND AFFIRMED - 01/19/2006 |
| MOTION FOR REHEARING FILED: | |
| MANDATE ISSUED: | |

**EN BANC.**

**SMITH, CHIEF JUSTICE, FOR THE COURT:**

¶1. Joe Broome, a former employee of Mississippi College, sought unemployment benefits after his employment was terminated due to misconduct. Broome appealed to the Mississippi Employment Security Commission (MESC) after he was denied benefits due to his alleged misconduct. The MESC referee denied Broome unemployment benefits, and Broome then appealed to the Board of Review, which affirmed the denial. Next, Broome appealed to the Circuit Court of Hinds County which adopted the MESC's decision. Broome

appealed the circuit court's denial to the Court of Appeals, which reversed and rendered the MESC's decision. Mississippi College then filed a petition for writ of certiorari, which was granted by this Court, and is the basis of the present matter.

¶2. We find the circuit court did not err in affirming the decision of the MESC. There is substantial evidence to support the MESC's decision to deny benefits based on Broome's misconduct. Therefore, we reverse the Court of Appeals and affirm and reinstate the judgment of the circuit court and hold Broome is not entitled to unemployment compensation benefits.

**FACTS**

¶3. Broome was employed in May 1997 by Mississippi College in the housekeeping department as a floater. As a floater, Broome was expected to perform various housekeeping tasks. During Broome's tenure at Mississippi College, he was cited a number of times for his pattern of poor attendance. On July 16, 2001, Mississippi College issued Broome his first unsatisfactory performance review for failing to report to work or notify the department, which Broome failed to sign. During that review, Mississippi College informed Broome that he must report to work when he was scheduled to work, or notify his supervisor prior to the scheduled work time as to why he would be absent.

¶4. On January 18, 2002, Broome's superiors read a report to Broome concerning his excessive absences, leaving work early, and tardiness. Broome was issued a warning that any further absences would require written documentation explaining the reason for his absence.

¶5. On January 30, 2002, Broome received a second unsatisfactory performance review and was suspended for one day without pay stemming from a disruptive personal event that

2

occurred on Mississippi College's campus. As before, Broome refused to sign the second unsatisfactory review. Broome was cited in the review for leaving his work area without permission, his lack of full cooperation with the campus safety department, and his disruptive behavior in the matter. On February 1, 2002, Broome was placed on probation for sixty days as the result of his job performance and the unsatisfactory write up he received on January 30, 2002.

¶6. On November 8, 2002, Broome's supervisor, James Carter, convened a meeting with Broome to discuss his attendance problems. Specifically, the meeting was held to address whether Broome had a doctor's excuse for missing work on November 7, 2002. Broome left the meeting, went to the Healthplex and returned with a doctor's note covering November 1 through November 9, even though he had worked on November 4, 5 and 6. The doctor's note also excused Broome from working the remainder of the day on November 8, and the next day November 9. Carter called attention to Broome's disruptive behavior both during the meeting and constantly during the course and scope of his employment at the college. Carter also expressed his extreme disappointment and dissatisfaction with Broome's attitude and behavior.

¶7. On December 8, 2002, Broome was arrested and charged with armed robbery and possession of a firearm by a convicted felon. Broome remained incarcerated in the Raymond County Jail until he posted a bond and was released on December 11, 2002.

¶8. Broome claims he was unable to personally contact Mississippi College in accordance with their policy during his incarceration because he did not have access to a telephone during normal business hours. Therefore, Broome contacted his girlfriend and instructed her to

3

contact Mississippi College on his behalf and inform them that he would be absent from work because he "had some important business to take care of."

¶9. Broome's girlfriend complied with his request and informed Mississippi College that he would not be able to attend work on December 9 and 10. However, instead of reporting that Broome's absence was due to personal business, Broome's girlfriend told Mississippi College on December 9 "his mom was sick and [] they was having illness and [] his mom sick." Similarly, on December 10, Broome's girlfriend told Mississippi College that Broome would be absent because "his mother was sick."

¶10. On December 10, Glenn Worley, director of the physical plant at Mississippi College, was informed of Broome's arrest and incarceration. After confirming that Broome was suspected of armed robbery and in the custody of the authorities, the decision was made to terminate Broome's employment.

¶11. Broome applied for unemployment benefits subsequent to his discharge from Mississippi College. After an employment interviewer conducted an examination, Broome's request for unemployment benefits was denied on the grounds of misconduct. Broome then filed an appeal with the appeals referee, who held a hearing and concluded Broome's actions constituted disqualifying misconduct. Broome then appealed the referee's decision to the Board of Review, which affirmed the referee's denial of unemployment benefits. Broome appealed the decision of the Board of Review to the Hinds County Circuit Court. The circuit court determined the Board of Review's decision was based on substantial evidence and affirmed the Board's ruling. The Court of Appeals reversed the decision of the circuit court.

**STANDARD OF REVIEW**

¶12. The standard of review for appealing a decision of the MESC is governed by Miss. Code Ann. Section 71-5-531 which provides: "[i]n any judicial proceedings under this section, the findings of the board of review as to the facts, if supported by evidence and in the absence of fraud, shall be conclusive, and the jurisdiction of said court shall be confined to questions of law." This Court has previously stated: "[w]here there is the required substantial evidence, this Court has no authority to reverse the circuit court's affirmance of the decision of the Board of Review." *Richardson v. Mississippi Employment Sec. Comm'n*, 593 So. 2d 31, 34 (Miss. 1992) (citing *Ray v. Bivens*, 562 So. 2d 119, 121 (Miss. 1990)); *Piggly Wiggly v. Mississippi Employment Sec. Comm'n*, 465 So. 2d 1062, 1065 (Miss. 1985); *Wheeler v. Arriola*, 408 So. 2d 1381, 1383 (Miss. 1982)). "The board's findings of fact are conclusive if supported by substantial evidence and without fraud." *Hoerner Boxes, Inc. v. Mississippi Employment Sec. Comm'n*, 693 So. 2d 1343, 1347 (Miss. 1997); *See also Richardson*, 593 So. 2d at 34; *Ray v. Bivens*, 562 So. 2d 119, 121 (Miss. 1990); *Melody Manor, Inc. v. McLeod*, 511 So. 2d 1383, 1385 (Miss. 1987). Therefore, "this Court must not reweigh the facts of the case or insert its judgment for that of the agency." *Allen v. Mississippi Employment Sec. Comm'n*, 639 So. 2d 904, 906 (Miss. 1994) (citing *Mississippi Pub. Serv. Comm'n v. Merchants Truck Line, Inc.*, 598 So. 2d 778, 782 (Miss. 1992)).

**DISCUSSION**

**I.      WHETHER THE CIRCUIT COURT ERRED IN AFFIRMING THE MISSISSIPPI EMPLOYMENT SECURITY COMMISSION'S DENIAL OF UNEMPLOYMENT BENEFITS BASED ON THE HOLDING THAT BROOME'S ACTIONS CONSTITUTED MISCONDUCT**

¶13.    "The underlying purpose of implementing employment security law in Mississippi is to protect those workers not permitted to continue employment through no fault of their own." *Allen*, 639 So. 2d at 906 (citing *Mississippi Employment Sec. Comm'n v. Gaines*, 580 So. 2d 1230, 1234 (Miss. 1991); *Mississippi Employment Sec. Comm'n v. Fortenberry*, 193 So. 2d 142, 144 (Miss. 1966)).   Broome claims his failure to disclose the reason for his absences on December 9 and 10 did not constitute misconduct.   Broome insists the MESC erroneously disqualified him from collecting unemployment benefits to which he was entitled.   Conversely, the MESC argues that the board of review's decision to deny Broome benefits on the grounds of misconduct was supported by substantial evidence.

¶14.    In the often cited case *Wheeler v. Arriola*, 408 So. 2d 1381, 1383 (Miss. 1982), this Court defined misconduct as:

> conduct evincing such willful and wanton disregard of the employer's interest as is found in deliberate violations or disregard of standards of behavior which the employer has the right to expect from his employee.  Also, carelessness and negligence of such degree, or recurrence thereof, as to manifest culpability, wrongful intent or evil design, and showing an intentional or substantial disregard of the employer's interest or of the employee's duties and obligations to his employer, came within the term.   Mere inefficiency, unsatisfactory conduct, failure in good performance as the result of inability or incapacity, or inadvertences and ordinary negligence in isolated incidents, and good faith errors in judgment or discretion were not considered "misconduct" within the meaning of the statute.

6

Further this Court has also elaborated on the definition of misconduct by stating: "[m]isconduct imports conduct that reasonable and fair minded external observers would consider a wanton disregard of the employer's legitimate interests." *Mississippi Employment Sec. Comm'n v. Phillips*, 562 So. 2d 115, 118 (Miss. 1990).

¶15. During his tenure at Mississippi College, Broome had a record that reflected a pattern of excessive absenteeism. Mississippi College had a policy requiring any employee missing work to notify their supervisor. Occasionally Broome complied with this policy and notified his supervisor of his absences, and at other times Broome ignored this policy. Further, Broome's first unsatisfactory review provided that if Broome was unable to be present for work, he was required to notify his supervisor as to the reason for his absence. Thus, Broome was on notice of the protocol to follow if he was to be absent from work.

¶16. This Court noted in *Barnett v. Mississippi Employment Sec. Comm'n*, 583 So. 2d 193, 196 (Miss. 1991), that in some circumstances "excessive absenteeism could constitute misconduct." Additionally, *Barnett* held "[a] claimant's failure to notify the employer of the reason for absences can constitute misconduct, if there is a policy that requires such notice." *Id*. The referee determined Broome was not entitled to benefits based on the untruthful reasons his girlfriend supplied to his employer while he was incarcerated. Also, the referee noted that Broome may not have instructed his girlfriend to lie for him, but he certainly did not want his employer to know the real reason for his absence due to his past attendance problems.

¶17. The record is replete with instances of Broome's absences, misconduct, and the warnings he received from Mississippi College. Broome's deception, repeated absences, and

7

continued misbehavior were in substantial disregard of Mississippi College's interests. *See Wheeler*, 408 So. 2d at 1383. Broome also substantially disregarded the duties and obligations he owed to Mississippi College. *See Id*. After collectively viewing the pattern of Broome's absences and disruptive conduct during the course of his employment, we find that reasonable and fair-minded observers would classify Broome's activity as a wanton disregard of Mississippi College's legitimate interests. *See Phillips*, 562 So. 2d at 118. This Court has previously stated: "if there is substantial evidence to support the Board's decision, the fact that this Court, if charged with weighing the evidence, might find otherwise is irrelevant." *Barnett*, 583 So. 2d at 196.

¶18. We also note that the purpose of the "employment fund is to take care of deserving employees who have lost their jobs through no misconduct and involuntary unemployment." *Mississippi Employment Sec. Comm'n v. Borden*, 451 So. 2d 222, 224 (Miss. 1984). We find Broome is not a "deserving employee" in accordance with legislative intent.

¶19. Mississippi College argues that, contrary to the applicable standard of review, the Court of Appeals incorrectly reweighed the evidence and substituted its judgement for that of the agency's. *See Trading Post, Inc. v. Nunnery*, 731 So. 2d 1198, 1200 (Miss. 1999). The Court of Appeal's opinion undertakes a new factual analysis in each of the two issues. *Broome v. Mississippi Employment Sec. Comm'n*, 2005 WL 1500 29F, at *1 (Miss. Ct. App. June 14, 2005). Additionally, the Court of Appeals made the following conclusions for each issue as a matter of fact, subsequent to a detailed study of the record:

8

A. "Broome could not have been found guilty of misconduct for violating his employer's policy of personally making the call when the evidence shows that it was impossible for Broome to comply with this directive."

B. "Broome's embarrassment about being imprisoned and his failure to explicitly tell his girlfriend to tell the truth does not constitute misconduct that demonstrates a willful or wanton disregard for his employer's interests."

*Id*. at *3, *5.

¶20. We hold that the Court of Appeals improperly reweighed the evidence and substituted its judgement for that of the MESC in this matter. The Court of Appeals opinion is almost entirely void of any consideration of whether substantial evidence was present in support of the MESC's ruling. Further, the Court of Appeals did not apportion great deference to the MESC's ruling, as required under the applicable standard of review. *Id*. at *5. The Court of Appeals may disagree with the findings of the MESC, however it had no authority in its limited appellate role to reevaluate the relative weights of the parties' proof. *Mississippi Comm'n on Evntl. Quality v. Chickasaw County Bd. of Supervisors*, 621 So. 2d 1211, 1216 (Miss. 1993). Hence, the Court of Appeals deprived the MESC's decision of the substantial deference it was entitled.

## CONCLUSION

¶21. After a diligent review of the record we find there is substantial evidence in the record to support the MESC's decision denying Broome unemployment benefits. Therefore, for the reasons stated, the judgment of the Court of Appeals is reversed and the judgment of the Circuit Court of Hinds County reinstated and affirmed.

¶22. **JUDGMENT OF THE COURT OF APPEALS IS REVERSED AND THE JUDGMENT OF THE CIRCUIT COURT OF HINDS COUNTY IS REINSTATED AND AFFIRMED.**

**WALLER AND COBB, P.JJ., EASLEY, CARLSON, DICKINSON AND RANDOLPH, JJ., CONCUR. GRAVES, J., CONCURS IN RESULT ONLY. DIAZ, J., NOT PARTICIPATING.**