GRIFFIS, J.,
for the Court.
¶ 1. Ivory J. Welch appeals the denial of unemployment benefits by the Mississippi Employment Security Commission, which was affirmed by the Hinds County Circuit Court. We find no error and affirm..
FACTS
¶ 2. Welch was first employed with The Merchants Company, on July 15, 2001, as an order selector. On May 9, 2002, Welch was terminated, in accordance with company policy, because he engaged in a physical altercation with another employee.
¶3. After his termination, Welch filed for unemployment benefits. A claims examiner investigated the matter and found that Welch was terminated due to an altercation which constituted disqualifying misconduct. Welch appealed, and a hearing was held by the referee on December 4, 2002. The referee concluded that Welch’s conduct violated The Merchants Company’s standard of behavior and rose to the level of misconduct. Welch appealed to the Board of Review. After careful consideration of the record, the Board of Review affirmed the decision of the referee.
¶ 4. On January 17, 2003, Welch appealed to the 'Circuit Court of the First Judicial District of Hinds County. The circuit court found the Board of Review’s decision was supported by substantial evidence.
STANDARD OF REVIEW
¶ 5. This Court’s scope of review in an unemployment compensation case is limited. The findings as to the facts of the Board of Review are conclusive if supported by substantial evidence and absent fraud. Johnson v. Mississippi Employment Sec. Comm’n, 761 So.2d 861, 863(¶ 5) (Miss.2000). Therefore, judicial review is limited to questions of law. Id. The denial of unemployment benefits will be disturbed on appeal only if (1) unsupported by substantial evidence, (2) arbitrary or capricious, (3) beyond the scope of power granted to the agency, or (4) in violation of the employee’s constitutional rights. Id.
ANALYSIS
¶ 6. Welch contends that The Merchants Company did not show by substantial evidence that he was discharged for misconduct. Jerry Nixon, the operations manager, testified that statements from the employees involved with the altercation were consistent and all indicated that Welch started the fight with the other employee. Specifically, the employees all agreed that Welch became hostile and *1202 slapped the other employee. Nixon further testified that fighting was grounds for discipline, up to and including immediate termination, and The Merchants Company had a strict policy against creating a hostile work environment.
¶ 7. The record indicates that Welch was counseled the day before the altercation for disruptive behavior. He was told that such behavior would not be tolerated and was warned that any other problems would result in immediate termination. Despite the warning, Welch admitted that a fight had occurred and that he had thrown the first punch. Additionally, Welch admitted that he had received an employee handbook and knew he could lose his job for fighting.
¶8. The referee followed Mississippi Code Annotated Section 71-5-513(A)(l)(b) (Supp.2003) which states:
[a]n individual shall be disqualified for benefits: [f]or the week, or fraction thereof, which immediately follows the day on which he was discharged for misconduct connected with his work, if so found by the commission, and for each week thereafter until he has earned remuneration for personal services performed for an employer, ... equal to not less than eight (8) times his weekly benefit amount, as determined in each case.
¶ 9. For the definition of “miscondúct,” the referee relied on Wheeler v. Arriola, 408 So.2d 1381, 1383 (Miss.1982):
[T]he meaning of the term “misconduct,” as used in the unemployment compensation statute, was conduct evincing such willful and wanton disregard of the employer’s interest as is found in deliberate violations or disregard of standards of behavior which the employer has the right to expect from his employee. Also, carelessness and negligence of such degree, or recurrence thereof, as to manifest culpability, wrongful intent or evil design, and showing an intentional or substantial disregard of the employer’s interest or of the employee’s duties and obligations to his employer, came within the term. Mere inefficiency, unsatisfactory conduct, failure in good performance as the result of inability or incapacity, or inadvertences and ordinary negligence in isolated incidents, and good faith errors in judgment or discretion were not considered “misconduct” within the meaning of the statute.
¶ 10. The referee further relied on the Mississippi Employment Security Commission Administrative Manual, Part V, Paragraph 1720, which states that an employee shall not be found guilty of misconduct for violation of a rule unless: (1) the employee knew or should have known of the rule, (2) the rule was lawful and reasonably related to the job environment and job performance, and (3) the rule is fairly and consistently enforced.
¶ 11. The referee concluded that Welch was terminated for “misconduct” and disqualified Welch for unemployment benefits. The Board of Review, after careful review and consideration of all evidence, adopted the referee’s findings.
¶ 12. The evidence shows that Welch’s physical altercation with another employee violated the terms of the employee handbook. The testimony of Nixon, the other employees statements, and Welch’s own testimony all indicate that the decision of the Board of Review was supported by substantial evidence.
¶ 13. We find that the decision of the Board of Review was supported by substantial evidence, was not arbitrary or capricious, was not beyond the scope of the powers of the Mississippi Employment Commission, and was not in violation of Welch’s constitutional rights. Furthermore, this Court specifically finds that *1203 Welch’s actions constituted “misconduct.” Thus, the denial of unemployment benefits will not be disturbed. We affirm the decision of the circuit court.
¶ 14. THE JUDGMENT OF THE HINDS COUNTY CIRCUIT COURT AFFIRMING THE ORDER OF THE BOARD OF REVIEW OF THE MISSISSIPPI EMPLOYMENT SECURITY COMMISSION IS AFFIRMED.
KING, C.J., BRIDGES AND LEE, P.JJ., IRVING, MYERS, CHANDLER, BARNES AND ISHEE, JJ., CONCUR.