FAIR, J.,
for the Court:
¶ 1. Sonja Cannon appeals the Lincoln County Circuit Court’s judgment affirming the Mississippi Department of Employment Security’s (MDES) decision to deny her unemployment benefits. Finding no abuse of discretion, we affirm.
FACTS
¶ 2. Cannon was employed by Sanderson Farms as a line worker from August 2007 until her discharge in March 2010 for harassment of a co-worker.
¶ 3. Cannon worked with William Smith, a young maintenance man at Sanderson Farms. In July 2009, Smith reported that Cannon was stalking and harassing him even after he asked her to leave him alone. Lakeshia Costly and Ken Thompson, personnel supervisors, warned Cannon that this behavior was unacceptable and would not be tolerated.
¶ 4. In December 2009, Smith reported that Cannon had continued to harass him. Cannon waited in the parking lot for him to come out after work, told him that she loved him, and said that she missed him. At an interview with Thompson and Mattie Walker, the human resources manager, Cannon admitted making these statements. She was issued a formal warning and informed that if her behavior continued, she could be terminated.
¶ 5. In March 2010, Smith complained of Cannon’s harassment for the third time. This time, she grabbed his arm and told him that she hated him. Though Cannon admits this incident took place, she claims she slipped and was trying to steady herself when she grabbed Smith. Walker suspended Cannon for a few days before *811 informing her that she was terminated for stalking and harassing another employee.
¶ 6. Based on her misconduct, Cannon was disqualified from receiving unemployment benefits. The administrative law judge (ALJ) affirmed the denial of benefits, as did the MDES Board of Review and the Lincoln County Circuit Court. Cannon appeals from that judgment.
STANDARD OF REVIEW
¶ 7. The standard of review in cases where this Court examines the circuit court’s judgment affirming the Board’s decision is abuse of discretion. Miss. Dep’t of Employment Sec. v. Clark, 13 So.3d 866, 870 (¶8) (Miss.Ct.App.2009) (quoting Howell v. Miss. Employment Sec. Comm’n, 906 So.2d 766, 769 (¶ 7) (Miss.Ct.App.2004)). Further, an agency’s findings should not be disturbed unless its order is: (1) not supported by substantial evidence, (2) arbitrary or capricious, (3) beyond the scope or power granted to the agency, or (4) violates the claimant’s constitutional rights. Allen v. Miss. Dep’t of Employment Sec., 639 So.2d 904, 906 (Miss.1994).
¶8. Initially, we observe that Cannon appeals pro se, and her brief did not contain citation to any legal authority, statute, or part of the record relied upon as required by M.R.A.P. 28(a)(6). “As an appellate court, we are not required to consider an argument which is not supported by authority.” Doss v. State, 956 So.2d 1100, 1102 (¶ 7) (Miss.Ct.App.2007). However, appellate courts generally afford pro se litigants some leeway on appeal. See Kellar v. Miss. Employment Sec. Comm’n, 756 So.2d 840, 842 (¶ 6) (Miss.Ct.App.2000). We will review the arguments for any self-evident error that would not require the support of authority. Id.
ANALYSIS
¶ 9. We note that Cannon addressed all of her arguments to the facts. As we are not a fact-finding court, we are bound to accept the Board’s findings if they are supported by substantial evidence and are not arbitrary or capricious. Miss. Employment Sec. Comm’n v. PDN, Inc., 586 So.2d 838, 840 (Miss.1991). After hearing testimony from Cannon and a personnel supervisor, the ALJ determined that Cannon was terminated for violating Sanderson Farms’s policy against harassment. The ALJ also determined that Cannon knew her behavior violated this policy and was twice warned that it could result in her discharge. The Board affirmed. Its findings are supported by substantial evidence and were not arbitrary or capricious. Therefore, we review only the legal conclusions drawn by the Board of Review.
¶ 10. Section 71-5-513 of the Mississippi Code Annotated (Supp.2011) provides that an individual shall be disqualified for unemployment benefits when “he was discharged for misconduct connected with his work.” Misconduct has been defined as:
[Cjonduct evidencing such willful and wanton disregard of the employer’s interest as is found in deliberate violations or disregard of standards of behavior which the employer has the right to expect from his employee. Also, carelessness and negligence of such degree, or recurrence thereof, as to manifest culpability, wrongful intent or evil design, and showing an intentional or substantial disregard of the employer’s interest or of the employee’s duties and obligations to his employer, come within the term. Mere inefficiency, unsatisfactory conduct, failure in good performance as the result of inability or incapacity, or inadvertences and ordinary negligence in isolated incidents, and good faith errors in judgment or discretion [are] not considered “misconduct” within the meaning of the statute.
*812 Wheeler v. Arriola, 408 So.2d 1381, 1383 (Miss.1982) (citing Boynton Cab Co. v. Neubeck, 237 Wis. 249, 296 N.W. 636 (1941)).
¶ 11. The Board found that there was sufficient evidence that Cannon was guilty of willful misconduct connected with her work. The record contains substantial support for that finding. Cannon was advised of the policy against harassment during her orientation and during annual training. She was given a copy of the policy in her employee handbook, and the policy was also posted in the hallway at the Sanderson Farms facility. During the ALJ’s hearing, Cannon admitted that she was aware of the policy against harassment. Further, Cannon received two warnings that her behavior was unacceptable and that it could lead to her discharge.
¶ 12. Cannon also admitted telling Smith she loved him in December and admitted grabbing his arm and saying that she hated him in March. Cannon attacks the Board’s decision by asserting minor discrepancies in dates and the interpretation of her words. She claims that Smith led her on and that she did not feel like she was harassing him. However, these are factual assertions that we cannot review.
¶ 13. Cannon’s continued course of conduct involving Smith evidenced a willful and wanton disregard of the employer’s interest. We find no abuse of discretion and affirm the decision of the Lincoln County Circuit Court.
¶ 14. THE JUDGMENT OF THE CIRCUIT COURT OF LINCOLN COUNTY IS AFFIRMED.
LEE, C.J., IRVING AND GRIFFIS, P.JJ., BARNES, ISHEE, ROBERTS, CARLTON AND MAXWELL, JJ., CONCUR. RUSSELL, J., NOT PARTICIPATING.