ISHEE, J.,
for the Court:
¶ 1. In May 2011, Natasha Weathersby was terminated from her employment as a *810 teacher’s assistant with Friends of Children of Mississippi (FCM) due to insubordination. Weathersby was given multiple opportunities to comply with certain requisite job duties but continuously failed to perform the tasks. She has never denied her failure to complete these duties. After her termination, she filed for unemployment benefits. However, she was deemed disqualified from receiving the benefits due to her misconduct. Weathersby appealed the denial to an administrative law judge (ALJ) with the Mississippi Department of Employment Security (MDES) in June 2011. The ALJ affirmed the denial of benefits. She then appealed the ALJ’s decision to the MDES Board of Review (the Board). The Board affirmed the ALJ’s judgment. Finally, Weathersby appealed the Board’s decision to the Hinds County Circuit Court. After a transfer of venue was granted, the Jefferson Davis County Circuit Court reviewed the appeal and affirmed the Board’s decision. Finding no error, we affirm the circuit court’s judgment.
STATEMENT OF FACTS
¶2. In October 2008, Weathersby was hired by FCM as a teacher’s assistant at a preschool facility. Part of her job duties included, among other tasks, conducting visits to her students’ homes twice a year, meeting with her students’ parents, and completing student progress reports. After Weathersby failed to perform these duties, her manager, Ann Hopkins, instructed Weathersby that continued failure to complete these tasks would result in suspension and possible termination.
¶ 3. Hopkins met with Weathersby on several occasions regarding her misconduct. Hopkins also explained to Weath-ersby that, according to federal guidelines, FCM could lose necessary federal grant money if the bi-annual meetings with students’ parents were not completed. Nonetheless, Weathersby never performed the required tasks. In her brief on appeal, Weathersby only specifically addressed her failure to make home visits and merely stated that she was not comfortable executing the visits. She claimed her failure to perform the duties in question was due to poor relationships with the other FCM staff members. However, after FCM conducted a full investigation into the matter, no correlative evidence was found linking Weathersby’s relationships with the other FCM staff members and her refusal to complete the required tasks.
¶4. As such, in May 2011, Weathersby was terminated due to insubordination for failing to perform required job responsibilities after repeated instructions to do so. She has never denied that she failed to execute the requisite tasks. Rather, Weathersby asserts in her appeal that she was discriminated against when coworkers allegedly treated her poorly in the following ways: starting rumors that prevented her from obtaining a loan from a local credit union; hiding her classroom papers; locking her out of her classroom; and placing her personal telephone number into a telemarketer call system. She asserts this misconduct from her coworkers constitutes a valid basis for the reversal of the denial of unemployment benefits.
DISCUSSION
¶ 5. We are granted limited review of decisions ruled upon by the Board and a circuit court. Mississippi Code Annotated section 71-5-581 (Rev.2011) provides: “[T]he findings of the [Bjoard ... as to the facts, if supported by substantial evidence and in the absence of fraud, shall be conclusive, and the jurisdiction of the court shall be confined to questions of law.” Likewise, the Mississippi Supreme Court has stated that “[i]f substantial evidence *811 supports the Board’s fact finding and the relevant law was properly applied to the facts, the appellate court must affirm.” Barnett v. Miss. Emp’t Sec. Comm’n, 583 So.2d 193, 195 (Miss.1991) (citation omitted).
¶ 6. The record substantiates the claim that Weathersby failed to complete in-home visits, parent-teacher meetings, and student progress reports. Weathersby does not deny that she did not perform these job duties, and neither Weathersby nor the record provides any legitimate explanation as to why she failed to perform the duties. Accordingly, we may only consider whether the law substantiates the denial of unemployment benefits to Weath-ersby.
¶ 7. The supreme court has stated the following with regard to disqualification for unemployment benefits:
[Disqualification for unemployment benefits results from misconduct, which is conduct evincing such willful and wanton disregard of the employer’s interest as is found in deliberate violations or disregard of standards of behavior which the employer has the right to expect from [its] employees.
Miss. Emp’t Sec. Comm’n v. Martin, 568 So.2d 725, 727 (Miss.1990). Here, Weath-ersby repeatedly failed to complete tasks vital to FCM’s federal funding and necessary to properly run the preschool. As such, FCM had a right to expect that such duties would be completed by Weathersby. Thus, Weathersby’s inaction unquestionably constitutes misconduct under the law. Her assertions on appeal regarding her coworkers’ alleged improper behavior have no bearing on her failure to perform her job duties. Moreover, Weathersby does not deny that she did not complete the required tasks despite repeated instructions and conversations regarding the consequences to Weathersby and FCM if she failed to do so. Accordingly, Weathersby’s claims lack merit, and we affirm the judgment of the circuit court.
¶ 8. THE JUDGMENT OF THE JEFFERSON DAVIS COUNTY CIRCUIT COURT IS AFFIRMED.
LEE, C.J., IRVING AND GRIFFIS, P.JJ., BARNES, ROBERTS, MAXWELL, FAIR AND JAMES, JJ., CONCUR. CARLTON, J., NOT PARTICIPATING.