# IN THE COURT OF APPEALS OF THE STATE OF MISSISSIPPI

## NO. 2015-CC-01287-COA

**LINDA J. WINDHAM**                                                                         **APPELLANT**

**v.**

**MISSISSIPPI DEPARTMENT OF
EMPLOYMENT SECURITY**                                                                        **APPELLEE**

DATE OF JUDGMENT:               08/10/2015
TRIAL JUDGE:                    HON. MARCUS D. GORDON
COURT FROM WHICH APPEALED:      NEWTON COUNTY CIRCUIT COURT
ATTORNEY FOR APPELLANT:         ROBERT M. LOGAN JR.
ATTORNEYS FOR APPELLEE:         ALBERT B. WHITE
                                ANNA CRAIN CLEMMER
NATURE OF THE CASE:             CIVIL - STATE BOARDS AND AGENCIES
TRIAL COURT DISPOSITION:        AFFIRMED THE DECISION OF THE
                                BOARD OF REVIEW OF THE MISSISSIPPI
                                DEPARTMENT OF EMPLOYMENT
                                SECURITY, AND DENIED AND
                                DISMISSED THE APPEAL
DISPOSITION:                    AFFIRMED: 01/03/2017
MOTION FOR REHEARING FILED:
MANDATE ISSUED:

   **EN BANC.**

   **GRIFFIS, P.J., FOR THE COURT:**

¶1.    Linda Windham appeals the denial of unemployment benefits.  Upon review, we find

no abuse of discretion and affirm.

## FACTS AND PROCEDURAL HISTORY

¶2.    Windham was employed with Pioneer Community Hospital in Newton, Mississippi,

as a purchasing clerk beginning January 1, 2010.  In December 2013, Pioneer implemented

a new computer system.  Windham was trained on the new system in November 2013, and

received additional training in December 2013. In January 2014, Windham was issued a verbal warning for her job performance and received further training on the system.

¶3. On January 31, 2014, Windham received a written warning after an audit revealed inventory errors. According to the Employee Corrective Action Form, stock requisitions were not being filled, and non-stock orders were not being filled and sent to corporate in a timely manner. Windham was advised to follow procedures as outlined in training. Windham was further advised that stock requisitions should be filled promptly, and non-stock requests should be sent to corporate in order to not cause a shortage and jeopardize patient care.

¶4. On February 13, 2015, Windham was discharged for her failure to perform assigned duties and procedures and to follow requests from management. Windham subsequently filed an initial claim for benefits with the Mississippi Department of Employment Security (MDES).

¶5. The claims examiner found Windham was discharged for misconduct connected to her work and was disqualified from receiving unemployment benefits beginning February 14, 2015, until she was reemployed and earned eight times her weekly benefit amount. Windham appealed the decision to the administrative-law judge (ALJ).

¶6. A telephonic hearing was held before the ALJ, during which Windham, Windham's attorney, a Pioneer representative, and a Pioneer witness participated. The ALJ found Windham was discharged for poor job performance and affirmed the decision of the claims examiner. Windham appealed to the MDES Board of Review, which affirmed the decision

2

of the ALJ.

¶7.     On July 14, 2015, Windham appealed the Board of Review's decision to the circuit court. Windham also filed a "motion to set aside time for briefing" and requested sufficient time to file a brief. On August 10, 2015, the record and transcript were filed. That same day, the circuit court entered an order, which affirmed the decision of the Board of Review and denied and dismissed the appeal. Windham now appeals the circuit court's decision and argues Pioneer failed to prove misconduct by substantial, clear, and convincing evidence.

## STANDARD OF REVIEW

¶8.     "The standard of review in cases where this Court examines the circuit court's judgment affirming the Board's decision is abuse of discretion." *Cannon v. Miss. Dep't of Emp't Sec.*, 88 So. 3d 809, 811 (¶7) (Miss. Ct. App. 2012). "[A]n agency's findings should not be disturbed unless its order is: (1) not supported by substantial evidence, (2) arbitrary or capricious, (3) beyond the scope or power granted to the agency, or (4) [violative of] the claimant's constitutional rights." *Id*.

## ANALYSIS

¶9.     On appeal, Windham admits the record reflects deficiencies in her job performance and does "not contest the right of [Pioneer] to terminate [her]." However, Windham argues her deficient job performance did not amount to misconduct. Instead, Windham asserts she simply "could not operate [the new system] successfully despite her best efforts."

¶10.    An individual shall be disqualified from unemployment benefits when "he was discharged for misconduct connected with his work." Miss. Code Ann. § 71-5-513(A)(1)(b)

3

(Supp. 2016). Misconduct has been defined as:

> [C]onduct evincing such willful and wanton disregard of the employer's interest as is found in deliberate violations or disregard of standards of behavior which the employer has the right to expect from his employee. Also, carelessness and negligence of such degree, or recurrence thereof, as to manifest culpability, wrongful intent or evil design, and showing an intentional or substantial disregard of the employer's interest or of the employee's duties and obligations to his employer, [come] within the term. Mere inefficiency, unsatisfactory conduct, failure in good performance as the result of inability or incapacity, or inadvertences and ordinary negligence in isolated incidents, and good faith errors in judgment or discretion [are] not considered "misconduct" within the meaning of the statute.

*Wheeler v. Arriola*, 408 So. 2d 1381, 1383 (Miss. 1982). "In misconduct cases, 'the employer bears the burden to prove by substantial, clear, and convincing evidence that a former employee's conduct warrants disqualification of benefits.'" *Over the Rainbow Daycare v. Miss. Dep't of Emp't Sec.*, 188 So. 3d 1249, 1251 (¶7) (Miss. Ct. App. 2016).

¶11. The record indicates Windham was aware of her job duties and obligations, and acknowledged her responsibility to follow the corrective instructions as outlined in the Employee Corrective Action Form. However, despite training on multiple occasions, as well as two warnings, Windham continuously failed to properly perform the required tasks. Windham's poor job performance was not due to her inability to perform, as Windham admitted to management she knew how to perform her job tasks. Windham's repeated errors, taken as a whole, demonstrate a substantial disregard of Pioneer's interests or of Windham's duties and obligations to Pioneer.

¶12. In *Wheeler,* "misconduct" was defined broadly. *Wheeler*, 408 So. 2d at 1383. The court specifically included in the definition "carelessness and negligence of such degree, or

recurrence thereof, as to manifest culpability, wrongful intent or evil design, and showing an intentional or substantial disregard of the employer's interest or of the employee's duties and obligations to his employer." *Id.* We find such is the case here. The record supports this finding. We affirm.

¶13. **THE JUDGMENT OF THE NEWTON COUNTY CIRCUIT COURT IS AFFIRMED.**

**LEE, C.J., BARNES, ISHEE, CARLTON, FAIR, WILSON AND GREENLEE, JJ., CONCUR. IRVING, P.J., DISSENTS WITHOUT SEPARATE WRITTEN OPINION. WESTBROOKS, J., NOT PARTICIPATING.**